. D. G. McRae, Assignee, v. MALCOLM McNAIR.

In a suit on a bond given in January, 1864, and expressed to be for value received, the value of the property for which the bond was given is the rule to be applied under the Act of 1866, chap. 38, in ascertaining the amount to be recovered, and this is not varied by the fact that the parties agreed at the time when the bond was given that it might be paid in *Confederate money.* Nor will it be varied by the assignee in bankruptcy of the obligor having given the following receipt: "Received of M. M., $60, on account of a note held by me as assignee of W. J. B., and which I have agreed to settle according to the scale as adopted by law."

This was a CIVIL ACTION tried at the Spring Term, 1873, of ROBESON Superior Court before his Honor, *Buxton, J.,* when there was a verdict and judgment, with which the plaintiff was dissatisfied, and prayed and obtained an appeal. The facts of the case are sufficiently stated in the opinion of the Court.

*N. McLean* and *Leitch,* for the plaintiff.
*N. A. McLean* and *W. M. L. McKay,* for the defendant.

SETTLE, J. This action was brought upon the following bond: "One day after date I promise to pay W. J. Brown or order thirty-three hundred dollars, value received, witness my hand and seal. January 13, 1864.

"M. McNAIR, [SEAL.]"

Brown becoming a bankrupt his assignee was substituted by leave of the Court as plaintiff.

It is admitted that the consideration for which this bond was given was one-half of a tract of land of 660 acres; and the plaintiff introduced evidence to prove that the land was worth three dollars per acre.

The defendant testified that there was an understanding that this debt was to be paid in Confederate money, that " some time after the maturity of the note he procured the Confederate money and tendered it to Brown in payment,

who refused to receive it, remarking that it had become so depreciated that he could not take it;" that he, (the defendant) stated the matter to the assignee of Brown, and made him a payment in national currency of $60, on the 12th day of April, 1870, and received from the assignee a paper writing as follows :

" Received of Rev. Malcolm McNair, sixty dollars, on account of a note held by me as assignee of W. J. Brown, now in suit in Robeson county, and which I have agreed to settle according to the scale as adopted by law."

His Honor instructed the jury that according to the case presented, the scale ought to be applied, and a verdict was returned for the value of the Confederate money. The defendant relies upon the original contract (the terms of which, by the way, were never submitted to the jury, but assumed by his Honor to be in accordance with the defendant's testimony,) and also upon the paper writing which he received from the plaintiff as the assignee of Brown.

The Act of 1866, chap. 38, establishes the rules of evidence applicable to this case, and directs the manner in which juries shall arrive at the value of contracts made during the war. This legislation, establishing as it does the value of the property for which the debt was contracted, as the value of the contract, has often received the commendation of this Court as being just and equitable.

Take it that when the contract was made in January, 1864, the understanding was that it could be discharged in Confederate money; does not the legislation referred to embrace the case in terms and spirit?

The defendant tells us that *some time* after the maturity of the note he offered payment, &c. How long the time after does not appear, and was the plaintiff to receive worthless or greatly depreciated paper for his land ?

We see nothing to take the case out of the rule established by the Legislature for the construction of contracts

where property was the consideration. Nor is there anything in the instrument which the plaintiff, as assignee, gave to the defendant to change this view of the case. He agrees " to settle according to the scale as adopted by law."

What is the scale adopted by law? Are there not two? One scaling contracts where the consideration was Confederate money to the value of that money at the different stages of its depreciation; and the other scaling contracts in which the nature of the obligation is not set forth, but where the consideration was property to the value of that property. The scale "adopted by law" in the case before us is the value of the land, and as the jury have not ascertained that fact there must be a *venire de novo.*

PER CURIAM.                              *Venire de novo.*